UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY BARNES-BOERS,<br><br>                    Plaintiff,<br><br>         v.<br><br>HAROLD D. TOZIER, in his individual and representative capacity as Trustee, Tozier Family Revocable Trust,<br><br>                    Defendant. | No.  2:13-cv-01555-MCE-CMK<br><br><br>**ORDER** |

Presently before the Court is Plaintiff Becky Barnes-Boers's ("Plaintiff") Application for an Order for Publication of Summons (ECF No. 5).  Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected.  See Fed. R. Civ. P. 4(e)(1).  Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."  Cal. Civ. Proc. Code § 415.50(a).

1

1      The affidavit supporting Plaintiff's current Application must include allegations, based on personal knowledge of the underlying facts, that a cause of action exists against this defendant, or that he is a necessary party to this action.  See Sananikone v. United States, 2:07-cv-01434 MCE-EFB, 2008 WL 5381690 (E.D. Cal. Dec. 16, 2008). The declaration submitted by Plaintiff (ECF No. 5-1) fails in this regard, and her motion is not saved by the fact there is a Complaint on file.  See id.; Harris v. Cavasso, 68 Cal. App. 3d 723, 726 (Ct. App. 1977).

       Because Plaintiff's Application (ECF No. 5) lacks a proper affidavit including the requisite allegations, it is DENIED without prejudice.[1]  The September 4, 2014, hearing on Plaintiff's Application is therefore VACATED.  Plaintiff may (but is not required to) file an amended Application.[2]  In the alternative, if Plaintiff does not renew her Application, she is ordered to show cause in writing why this action should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 210(b).  If Plaintiff does not file an amended Application or a response to the order to show cause within twenty (20) days of the electronic filing of this order, without further notice to the parties, the denial of Plaintiff's instant Application shall become final with no further leave to amend and this action will be dismissed without prejudice.

       IT IS SO ORDERED.

Dated:  August 27, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Although it does not reach the merits of Plaintiff's Application, the Court questions whether Plaintiff's Proof of Service (ECF No. 5-4) undermines her attempt to establish reasonable diligence.  It appears that Plaintiff served a copy of her Application on counsel for defendant, Mark Emmett, Esq., yet the declaration submitted in support of Plaintiff's Application does not address whether Plaintiff attempted to learn defendant's whereabouts or otherwise serve defendant by inquiry of Emmett (or otherwise identify Emmett).  See Johnson v. Vuong, 2014 WL 3853430, at *2 (E.D. Cal. Aug. 5, 2014) (explaining that "[a] number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer [among other methods] are generally sufficient") (internal citation omitted); see also Watts v. Crawford, 896 P.2d 807, 811 (1995).

[2] If Plaintiff renews her application, she is directed to notice her motion for a civil calendar in accordance with Local Rule 230(b).  The Court observes that Plaintiff's initial Application, although filed in October 2013, languished on the docket for almost ten months as she did not notice it for a hearing date.

2