UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY BARNES-BOERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAROLD D. TOZIER, in his individual and representative capacity as Trustee, Tozier Family Revocable Trust; and Does 1–10,<br><br>　　　　Defendant. | No. 2:13-cv-01555-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

Through this lawsuit, Plaintiff Becky Barnes-Boers seeks injunctive and monetary relief for alleged violations of the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act against Defendant Harold D. Tozier. Plaintiff also asserts a claim for negligence against Defendant based on the aforementioned statutory violations.   The gravamen of Barnes-Boers's claim is that a property owned by Tozier is not sufficiently accessible to wheelchairs.  Before the Court is Defendant's Motion to Set Aside Default Judgment, Motion to Quash Service, and Motion to Dismiss for Failure to Serve Process.  ECF No. 31.  For the following reasons,

///

///

Defendant's Motion to Set Aside Default Judgment and Motion to Quash Service are GRANTED, while Defendant's Motion to Dismiss is DENIED.[1]

**BACKGROUND**

This case has a long and tortured procedural history. Plaintiff filed her complaint on July 30, 2013. ECF No. 1. Less than three months later, she filed an Application for Order for Publication of Summons. ECF No. 5. That motion was improperly noticed, and was not set for a hearing until the Court did so of its own motion on August 11, 2014. ECF No. 6. Later that month, the motion was denied for lack of supporting evidence, and Plaintiff was given leave to file an amended motion. ECF No. 9.

Plaintiff filed an amended motion on September 16, 2014. ECF No. 10. That motion was once again deficiently filed. Plaintiff correctly filed the motion several weeks later on October 1, 2014. ECF No. 12. The Court ultimately denied the motion on November 26, 2014, because Plaintiff did not reasonably exhaust efforts to serve process on Defendant. ECF No. 14. Her efforts were limited to three brief visits to a locked gate outside Defendant's residence in Oroville and a visit to a business address that shares Defendant's name—Tozier Office Products—where Plaintiff was advised Defendant "does not ever come in." Id. at 2. The Court also noted that while notice of the motion had been given to Defendant's attorney, Plaintiff did not ask the attorney about the location of his client. Id. at 5 n.3.

On February 24, 2015, the Court referred the case to Alternative Dispute Resolution and stayed the matter. ECF No. 15. After almost four months of silence from the parties, on June 15, 2015, the Court ordered Plaintiff to file a status report. ECF No. 16. Ten days later, Plaintiff filed such a report. ECF No. 18. On August 31, 2015, Plaintiff requested an entry of default, which was entered by the Clerk. ECF Nos. 20–21.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

On January 21, 2016, the Court vacated the entry of default due to the stay. ECF No. 22. In the same January 21, 2016 Order, however, the Court also lifted the stay and ordered Plaintiff to serve Defendant with a copy of its order doing so. Id.

Almost eight months later, on August 10, 2016, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 10. Six days later, Plaintiff filed a certificate of service claiming that Defendant had been properly served with the Court's order lifting the stay by leaving a copy with an employee at Tozier's Office Products. ECF No. 24. The next month, Plaintiff requested and received another entry of default. ECF Nos. 26–27. Despite her earlier claim that service had been completed, Plaintiff once again filed a motion for service of process by publication on November 7, 2016. ECF No. 29. Because of this contradiction, the Court denied the motion. ECF No. 30.

Finally, on December 28, 2016, Defendant filed motions to set aside the default, quash service, and dismiss for failure of service. ECF No. 31. In those motions, Defendant claims he had no notice of the lawsuit until he "indirectly learned about [it] despite never being served." Id. at 2. He does not, however, state when he learned of the suit. The Court here does not set out to determine when Defendant learned of the suit, but it is worth noting that it is plausible that he had actual notice of the suit in 2013 when he retained his original counsel in this matter, Mark Emmett. See Decl. of Harold Tozier, ECF No. 31-2, ¶ 5. Plaintiff has also provided evidence that the summons and complaint were sent by U.S. Mail to the address Defendant admits is his home address. See Decl. of Tozier, ¶ 2 (identifying the address of Tozier's home since 2002); Decl. of Raymond G. Ballister, ECF No. 5-1, ¶¶ 8–9 (stating that the summons and complaint were sent to the address identified by Tozier). Furthermore, Defendant hired a Certified Access Specialist to inspect the property and—though he claims "no improvements were necessary because the building had not been remodeled since 1989"—"out of an abundance of caution" he made recommended improvements. Def.'s Mem. of P & A in Supp. of Def.'s Mots., ECF No. 31-1, at 3 n.1. At the same time, though, Plaintiff claims

he did so not because he had actual notice of the suit, but because he "hear[d a] rumor that [h]e had been sued for an ADA violation." Decl. of Tozier, ¶ 6.

## DISCUSSION

The Court addresses each of Defendant's three motions in turn.

### A. Motion to Set Aside Default

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause." "To determine 'good cause,' a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2005)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances." Id. However, the presence of any one of these factors is sufficient to refuse to set aside a default. Id.

Plaintiff has failed to show that any of the three factors are present here. Plaintiff has provided no evidence that setting aside the default would be prejudicial, and the age of Defendant's buildings appears to be a potentially meritorious defense. See Def.'s Mem. of P & A in Supp. of Def.'s Mots., at 3 n.1 ("Mr. Tozier was informed that no improvements were necessary [under the ADA] because the building had not been remodeled since 1989.") Defendant has also yet to be properly served. Though it is arguable that Defendant knew of the lawsuit—he retained counsel when it was originally filed in 2013—actively avoided service, and refused to respond to Plaintiff's service letters, Plaintiff has not shown that the "drastic step" of the entry of default judgment is appropriate here. Thus Defendant's Motion to Set Aside Default is GRANTED.

///

### B.  Motion to Quash Service

Plaintiff claimed that she properly served Defendant by leaving a copy with an office manager of Tozier's Office Products.  Under California law, "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office."  Cal. Civ. Proc. Code § 415.10.  Tozier's Office Products, however, is not Defendant's office or place of business.  He avers he is an absentee landlord and that the owner of Tozier's Office Products is his daughter.  Decl. of Tozier, ¶¶ 3–4  Accordingly, Defendant was not properly served.

Plaintiff only argues that service at Tozier's Office Products is proper because Defendant's "land holdings are his only apparent business," and that "California's service . . . acts are to be liberally construed."  Pl.'s Opp'n, ECF No. 32, at 2–3.  No matter how liberal a construction is given to California service law, service at Tozier's Office Products is insufficient because it is not Defendant's office or place of business.  Nor would demonstrating that the service attempted resulted in actual notice of the lawsuit be sufficient under California law.  See Am. Express Centurion Bank, 199 Cal. App. 4th 383, 392 (2011) ("Actual notice of the action alone, however, is not a substitute for proper service and is not sufficient to confer jurisdiction.").  Accordingly, Defendant's Motion to Quash Service is GRANTED.

### C.  Motion to Dismiss for Insufficient Service

Defendant finally moves under Rule 12(b)(5) to dismiss the complaint for insufficient service of process.  At the time the complaint was originally filed, Rule 4(m) required service to be completed within 120 days.  Fed. R. Civ. P. 4(m) (2013).  Plaintiff failed to do so, and thus she must demonstrate "good cause" for failing to do so.  See id. ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").  While the Court found Plaintiff's original attempts to serve process less than "exhaustive," Order, ECF No. 14, at 4, the record shows good cause for Plaintiff's subsequent failure to provide proper service.

///

After the denial of service by publication, "Plaintiff hired a specialty process server," who staked out Defendant's home for "roughly 20 hours." Decl. of Dennis Price, ECF No. 32-1, ¶ 5. The process server also spoke to two individuals who left the home, but neither had apparent authority and both claimed to not know of Defendant's whereabouts. Id. Furthermore, as described above, it is possible that Defendant purposefully avoided being served. A copy of the summons and complaint was sent to what he admits is his home address, likely giving him actual notice of the suit filed against him. He also retained counsel in 2013, and counsel received notice of Plaintiff's original motion for service by publication. Defendant, however, avoided being personally served despite a stakeout of his home. Accordingly, Defendant's Motion to Dismiss is DENIED.

## CONCLUSION

For the reasons provided, Defendant's Motion to Set Aside Default Judgment and Motion to Quash Service are GRANTED, while Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: April 6, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE